IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,       :
                                :
        v.                      :
                                :        CIVIL ACTION NO.
ADRIAN CAMPBELL                 :        1:11-CR-00460-AT
a/k/a KEVIN LION                :

## ORDER

This case is before the Court on the Magistrate Judge's Final Report, Recommendation, and Order on Defendant's Motion to Exclude Latent Fingerprint Evidence and Request for a *Daubert* Hearing, Defendant's *Pro Se* Motions to Dismiss, Defendant's *Pro Se* Motion to Rescind his Not Guilty Plea, and Defendant's *Pro Se* Motion to Summon his Accuser, [Doc. 45], and Defendant's Objections thereto [Doc. 47]. In addition, Defendant has since filed a *Pro Se* Affidavit of Direct Notice to Vacate Not Guilty Plea, [Doc. 46], a *Pro Se* Motion to Withdraw the Motion to Exclude Latent Fingerprint Evidence, [Doc. 50], a *Pro Se* Motion for Default Judgment, [Doc. 52], and a Pro Se Motion for Fair Hearing, [Doc. 53].

On April 19, 2012, the Magistrate Judge **DENIED** Defendant's *Pro Se* Motion to Rescind his Not Guilty Plea, [Doc. 37], and his *Pro Se* Motion to Summon his Accuser, [Doc. 39], and **RECOMMENDED DENIAL** of Defendant's Motion to Exclude Latent Fingerprint Evidence and Request for a

*Daubert* hearing, [Doc. 14], and Defendant's *Pro Se* Motions to Dismiss, [Docs. 34 & 36]. The Magistrate Judge also certified the case as ready for trial.

## I.  STANDARD FOR REVIEWING MAGISTRATE'S REPORT AND RECOMMENDATION

Under Fed. R. Crim. P. 59(a), a magistrate judge may rule on any matter referred by a district judge that does not dispose of a charge or defense.  If any party files objections to a magistrate judge's order on nondispositive matters, "the district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."  Fed. R. Crim. P. 59(a).  Fed. R. Crim. P. 59(b) provides that a magistrate judge may make recommendations and proposed findings of fact on dispositive matters referred by a district judge.  A party who wishes to object to such recommendations by a magistrate judge must "file specific written objections," and the "[f]ailure to object in accordance with [Rule 59(b)(2)] waives a party's right to review."  Fed. R. Crim. P. 59(b)(2).  Under Fed. R. Crim. P. 59(b)(3), the "district judge must consider de novo any objection to the magistrate judge's recommendation."

If no objections are filed to a magistrate judge's recommendation, the district judge reviews the report and recommendation for clear error and may "accept, reject, or modify" the magistrate's findings and recommendations.  28 U.S.C. § 636(b)(1).  Where the parties do not file objections, 28 U.S.C. § 636 does not require the district court to review any issue in dispute de novo; however, the statute "does not preclude further review by the district judge, *sua sponte* or at

the request of a party, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

Defendant Campbell filed certain timely objections to the Magistrate Judge's Final Report, Recommendation, and Order on May 4, 2012. Defendant Campbell objects to (1) the Magistrate Judge's recommendation that his Motions to Dismiss be denied; (2) the Magistrate Judge's denial of his Motion to Rescind his Not Guilty Plea; and (3) the Magistrate Judge's certification that the case is ready for trial. Defendant Campbell made no objections to the portion of the Magistrate Judge's Order denying his Motion to Summon his Accuser,[1] nor does he expressly object to the Magistrate Judge's recommendation that the Motion to Exclude Latent Fingerprint Evidence and Request for a *Daubert* Hearing be denied, and, in fact, he filed a *Pro Se* Motion to Withdraw the Motion to Exclude Latent Fingerprint Evidence.

In accordance with Fed. R. Crim. P. 59(a), the Court reviews Defendant Campbell's objections to the portions of the Magistrate Judge's Order denying his *Pro Se* Motion to Rescind his Not Guilty Plea and certifying the case ready for trial for clear error. The Court will review Defendant Campbell's objections to the

---

[1] The Court finds no error in the Magistrate Judge's denial of Defendant's motion because the Order notes that "Defendant will have the opportunity at trial to confront the witnesses who are called to testify against him and to otherwise contest the government's evidence. There is nothing before the Court indicating that his rights have been violated in any way or that he has been or will be prevented from exercising his right to confront his accusers at the appropriate time." (Doc. 45 (*citing Proffitt v. Wainwright*, 685 F.2d 1227, 1252 (11th Cir. 2006) (en banc) (holding that "[t]he rights guaranteed by the sixth amendment, including the right to cross-examination, are only applicable to proceedings that constitute critical stages of the trial.") Accordingly, the Court **AFFIRMS** the Magistrate Judge's denial of Defendants' Motion to Summon his Accuser [Doc. 39].

Magistrate Judge's recommendation that his motions to dismiss be denied de novo pursuant to Fed. R. Crim. P. 59(b). Finally, because Defendant has not objected to the Magistrate Judge's recommendation that the Motion to Exclude Latent Fingerprint Evidence and Request for a *Daubert* Hearing be denied, the Court reviews the recommendation for clear error.

## II.    BACKGROUND

Defendant is charged in a three-count indictment with (1) knowingly delivering and causing to be delivered to United Parcel Service ("UPS") a handgun concealed inside a DVD player for shipment in interstate and foreign commerce to persons other than a licensed importer, manufacturer, dealer, or collector, without giving notice to UPS that the firearm was being transported and shipped, in violation of 18 U.S.C. § 922(e); (2) knowingly and fraudulently attempting to export and send a firearm from the United States to Canada contrary to the laws and regulations of the United States, in violation of 18 U.S.C. § 554; and (3) knowingly possessing, in and affecting commerce, a firearm after having previously been convicted of a felony offense,[2] in violation of 18 U.S.C. § 922(g). (Doc. 1.)

At the November 14, 2011, Initial Appearance Hearing, the Court (1) appointed Morad Fakhimi of the Federal Defender Program to represent Defendant Campbell, (Doc. 6); (2) entered a Plea of Not Guilty on behalf of Defendant Campbell as a result of Defendant Campbell's refusal to speak at the

---

[2] Defendant Adrian Campbell was previously convicted of carrying a concealed weapon in the State of Michigan. (Doc. 1.)

hearing, (Doc. 8.); and (3) ordered that Defendant Campbell be detained pending trial in light of an alleged serious risk that Defendant Campbell would not appear to face the charges against him, (Doc. 9). On December 14, 2011, the Court ordered that Defendant Campbell undergo a psychiatric examination pursuant to 18 U.S.C. § 4241 to determine whether he is competent to stand trial. (Doc. 20.)

On January 18, 2012, the Magistrate Judge conducted a competency hearing, and based on an undisputed psychiatric evaluation, issued a Report and Recommendation finding that Defendant Campbell is presently able to understand the nature and consequences of the proceedings against him and to properly assist in his defense. (Doc. 27.) On March 20, 2012, the Court adopted the Magistrate Judge's Report and Recommendation and determined that Defendant Campbell is mentally competent to stand trial. (Doc. 42.)

On February 6, 2012, Defendant Campbell filed a Notice with the Court asserting his right to self-representation. (Doc. 32.) The Magistrate Judge conducted a *Faretta* hearing on February 15, 2012, granted Defendant Campbell's request to represent himself, and ordered Morad Fakhimi to remain on the case as standby counsel. (Doc. 35.) The Court further ordered Defendant Campbell to file a statement with the Court by February 20, 2012, as to whether he intended to maintain the pending Motion for *Daubert* Hearing (Doc. 14), and gave Defendant until February 24, 2012, to file any additional motions. (*Id.*)

Despite filing several *pro se* motions[3] immediately following the *Faretta* hearing, Defendant Campbell failed to notify the Court of his intent to withdraw the Motion for *Daubert* hearing until May 17, 2012, after the Magistrate Judge issued his Report and Recommendation on April 19, 2012. (Doc. 50.)

## III. ANALYSIS

### A. Defendant's Motion to Exclude Latent Fingerprint Identification Evidence and Request for a *Daubert* Hearing [Doc. 14]

On or about November 14, 2011, the Government informed defense counsel that it intended to call Senior Fingerprint Specialist Larry Hankerson of the Bureau of Alcohol, Tobacco, and Firearms to testify as an expert witness and present evidence that latent fingerprints lifted from the subject DVD player and firearm are a match with Defendant Campbell's fingerprints. (*See* Doc. 14 at 2; Doc. 41 at 1.) Defendant Campbell's counsel filed the instant motion on December 11, 2011, asserting that the proposed expert testimony is not scientifically reliable due to a lack of sufficient testing under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (*See* Doc. 17 at 3.) The motion "challenges the scientific validity of latent fingerprint identification generally" citing a February 18, 2009, report from the National Academy of Sciences Committee on Identifying the Needs of the Forensic Science Community (the "NAS Report"). (*See* Doc. 17 at 4-5.)

---

[3] On March 5, 2012, the Magistrate Judge issued an Order stating that the Government was not required to respond to Defendant Campbell's *pro se* motions to dismiss [Docs. 34 & 36], motion to rescind his not guilty plea [Doc. 37], and his motion to summon accuser [Doc. 39]. (*See* Doc. 40.)

In the Report and Recommendation, the Magistrate Judge engaged in a rigorous analysis of the reliability of Mr. Hankerson's analysis of the fingerprint evidence and found it to satisfy the Supreme Court's test for admissibility under *Daubert*. Accordingly, the Court finds no error in the Magistrate Judge's recommended denial of Defendant Campbell's request for a *Daubert* hearing and finding that Defendant's objections to the fingerprint evidence go to its weight, rather than its admissibility. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1113 (11th Cir. 2005) ("*Daubert* hearings are not required."); *United States v. Scott*, 403 F. App'x 392, 397 (11th Cir. 2010) (per curium) (unpublished) (upholding the admission of expert fingerprint evidence under *Daubert*).

## B. Defendant's *Pro Se* Motions to Dismiss [Docs. 34 & 36]

Defendant Campbell filed motions to dismiss on February 13, 2012, and February 22, 2012, asserting that (1) "the Plaintiff" fails to state a claim upon which relief can be granted; (2) the Court lacks personal and subject matter jurisdiction; and (3) the Government's "process is insufficient." The Magistrate Judge construed Defendant's motions as challenging the Court's jurisdiction. In considering Defendant's *pro se* motions, the Court is mindful of the well-settled principle that the Court has a responsibility to construe such pleadings liberally and apply less stringent standards than to formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U .S. 97, 106 (1976); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). With that principle in mind, in addition to

Defendant's jurisdictional challenges, the Court construes Defendant's assertion that "the Plaintiff fails to state a claim upon which relief can be granted" as an objection to the sufficiency of the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B).

The Court understands Defendant Campbell to present the following objections to the Magistrate Judge's recommendation that his motions to dismiss be denied: (1) the Court failed to examine the Indictment to determine if the allegations provide a basis for relief; (2) the Court failed to consider that Defendant's involvement, participation, and appearance before the Court in this case is involuntary, under duress, and without his knowing consent; and (3) the Court failed to consider Defendant's argument that "Plaintiff process is insufficient" because the Indictment "is barebones and lacking a factual statement" in violation of the Fifth Amendment and Federal Rule of Criminal Procedure 7.

### (1)    Defendant's Jurisdictional Challenges

In his first motion to dismiss, Defendant Campbell makes the bare assertion that the Court lacks personal and subject matter jurisdiction without providing any specific factual support or argument.  In his second motion to dismiss, Defendant Campbell objects to the Court's exercise of personal jurisdiction because he did not "knowingly, willfully, or intentionally agree to grant the Court personal jurisdiction by way of contract agreement of any kind,"

and asserts that "Plaintiff is not legally entitle produce [sic] and enforce a claim."

(Doc. 36.)

A challenge to personal jurisdiction is construed by the Eleventh Circuit as a claim of defect in instituting the prosecution under Federal Rule of Criminal Procedure 12. *United States v. Isaac Marquez*, 594 F.3d 855, 858 (11th Cir. 2010) *cert. denied*, 130 S. Ct. 3373 (U.S. 2010) (*citing United States v. Grote*, 632 F.2d 387, 388 (5th Cir.1980)); *see also* Fed. R. Crim. P. 12(b)(3)(A). "A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law." *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir.2003); *see also United States v. Winter*, 509 F.2d 975, 982 (5th Cir. 1975) (finding that a district court has jurisdiction over a defendant accused of violating Federal law when the defendant committed an overt act in furtherance of the crime within the territorial jurisdiction of the district court.). Defendant's objections to the Court's exercise of personal jurisdiction based on his lack of consent fail as a matter of law. *See e.g., U.S. v. Darby*, 744 F.2d 1508, 1530-31 (11th Cir. 1984) (rejecting the defendant's arguments that he was kidnapped by federal agents against his will in violation of extradition procedures and reiterating the well-established principle that a defendant cannot defeat personal jurisdiction by asserting the illegality of the procurement of his presence before the court). Accordingly, this Court gained jurisdiction over Defendant Campbell's person when he was brought before it on

an indictment alleging acts committed within the Northern District of Georgia.[4] (*See* Doc. 1.)

"Subject-matter jurisdiction defines the court's authority to hear a given type of case...." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir.2000) (*quoting United States v. Morton*, 467 U.S. 822, 828 (1984)). The U.S. Constitution provides that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and Treaties made, or which shall be made, under their authority." U.S. Const. art. III, § 2, cl. 1. Moreover, "[t[he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231 (2006). "Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231.... That's the beginning and the end of the 'jurisdictional' inquiry." *Alikhani*, 200 F.3d at 734 (*quoting Hugi v. United States*, 164 F.3d 378, 380 (7th Cir.1999)). The United States filed an indictment charging Defendant Campbell with violating laws of the United States, therefore this Court has jurisdiction over the case and empowers it to rule on the sufficiency of the indictment. *Alikhani*, 200 F.3d at 734; *see also United States v. Aguilar*, 196 F. App'x 837, 839 (11th Cir.2006) (per curiam) (*quoting McCoy v. United States*, 266 F.3d 1245, 1252 n. 11 (11th Cir.2001)).

---

[4] For this reason, Defendant Campbell's objection based on "insufficient process," construed as a motion alleging a defect in instituting the prosecution pursuant to Fed. R. Crim. P. 12(b)(3)(A), also fails.

Accordingly, the Court finds that Defendant Campbell's assertions that the Court lacks personal jurisdiction and subject matter jurisdiction have no merit and Defendant's motions to dismiss on these grounds are **DENIED**.

## 2. Defendant's Challenge to the Sufficiency of the Indictment

Pursuant to Federal Rule of Criminal Procedure 12(b), a defendant may file a motion to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b). In ruling on a motion to dismiss, the district court is limited to reviewing the face of the indictment. *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam). It is well-established that "'[t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence....'" *United States v. Salman*, 378 F.3d at 1268; *United States v. Critzer*, 951 F.2d at 307. Although a district court is not permitted to go beyond the face of the indictment in ruling on a Rule 12(b) motion to dismiss, a court should dismiss an indictment if it fails to allege facts that constitute an offense. *See, e.g., United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983).

Federal Rule of Criminal Procedure 7 provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." An indictment is sufficient when it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be

defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. *United States v. Wayerski*, 624 F.3d 1342, 1349 (11th Cir. 2010); *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir.2002); *see also United States v. Critzer*, 951 F.2d 306, 307-308 (11th Cir. 1992) (per curium) (*citing United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985)). "These requirements satisfy the Sixth Amendment's guarantee of notice to the accused of the nature and the cause of the accusation, and the Fifth Amendment's assurance that a grand jury will return an indictment only when it finds probable cause for all elements of the crime." *United States v. Wayerski*, 624 F.3d at 1349 (citing *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998)). "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *Id.* at 1349-50; *see also United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir.2004); *United States v. Critzer*, 951 F.2d at 307. An indictment may track the language of the statute as long as the language sets forth the essential elements of the crime and contains a statement of the facts and circumstances informing the accused of the specific offense with which he is charged. *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003); *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983), *cert. denied*, 464 U.S. 917 (1983).

Count One of the Indictment charges Defendant, Adrian Campbell, a/k/a Kevin Lion, with knowingly delivering and causing to be delivered to a common

carrier for transportation and shipment in interstate and foreign commerce to persons other than a licensed importer, manufacturer, dealer, and collector, a container in which there was a firearm by delivering to United Parcel Service ("UPS") on or about March 22, 2010, a box containing a handgun concealed inside a DVD player, without giving written notice to UPS that the firearm was being transported and shipped, in violation 18 U.S.C. § 922(e). (Doc. 1.) The statute Defendant Campbell is charged with violating provides, in relevant part:

> It shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped . . .

18 U.S.C. § 922(e).[5] Count One of the Indictment specifically refers to and tracks the language of 18 U.S.C. § 922(e), and provides notice to Defendant Campbell of the charges to be defended. According to the allegations in the Indictment, Defendant delivered to United Parcel Service ("UPS") a box which contained a handgun concealed inside a DVD player, without giving written notice to UPS that the firearm was being transported and shipped. These allegations, if proved, are sufficient to establish a violation of 18 U.S.C. § 922(e).

---

[5] 18 U.S.C. § 922(e) contains a passenger exception which does not appear to apply in this case which provides that "any passenger who owns or legally possesses a firearm or ammunition being transported aboard any common or contract carrier for movement with the passenger in interstate or foreign commerce may deliver said firearm or ammunition into the custody of the pilot, captain, conductor or operator of such common or contract carrier for the duration of the trip" will not be found to violating any of the provisions of this chapter.

Count Two of the Indictment charges Defendant, Adrian Campbell, a/k/a Kevin Lion, with fraudulently and knowingly attempting to export and send from the United States to Canada a firearm on or about March 22, 2010, without declaring the firearm to the common carrier, in violation of 18 U.S.C. 922(e) and 18 U.S.C. § 554. Defendant is charged with violating 18 U.S.C. § 554, which provides:

> Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 554. Similar to Count One, Count Two of the Indictment specifically refers to and tracks the language of 18 U.S.C. § 554, thus providing notice to Defendant Campbell of the charges against him. According to the allegations in the Indictment, Defendant attempted to smuggle a firearm from the United States to Canada without notifying the carrier that the shipment contained a firearm in violation of 18 U.S.C. § 922 (e) as set forth in Count One. Because Count Two of the Indictment cites 18 U.S.C. § 554, tracks § 554's language, and provides a general description of the facts and predicate offenses, the allegations of Count Two, if proved, are sufficient to establish a violation of 18 U.S.C. § 554.

Count Three of the Indictment charges Defendant, Adrian Campbell, a/k/a Kevin Lion, with knowingly possessing, in and affecting commerce, a Smith and

Wesson, model SW4OVE, .40 caliber handgun, serial number PBY 8368, after having been previously convicted of carrying a concealed weapon, an offense punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).  The statute Defendant Campbell is charged with violating, 18 U.S.C. § 922(g)(1), provides that

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The Court finds that the charges in Count Three of the Indictment satisfy the requirements of 18 U.S.C. § 922(g)(1).  According to the allegations in the Indictment, Adrian Campbell, a convicted felon, attempted to ship a firearm from the United States to Canada in violation of 18 U.S.C. § 922 (e) as set forth in Count One.  These allegations, which specifically refer to and track the language of the statute, are sufficient to establish a violation of 18 U.S.C. § 922(g)(1).  *See U.S. v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (finding that an indictment alleging that the defendant, who had previously been convicted of a felony, possessed a certain handgun that had traveled in interstate commerce, was legally sufficient to charge a violation of 18 U.S.C.A. § 922(g)).  The allegations also notify Defendant Campbell of the crimes for which he is being charged, thus enabling him to plead a double jeopardy defense in any future prosecution for the same offenses.

Accordingly, the Court finds that the charges in Counts One through Three of the Indictment are legally sufficient and Defendant's motions to dismiss are **DENIED**.

### C.    Defendant's *Pro Se* Motion to Rescind Not Guilty Plea [Doc. 37]   and *Pro Se* Affidavit of Direct Notice to Vacate Not Guilty Plea, [Doc. 46]

Defendant also filed a motion to rescind his plea of "Not Guilty" and requested a hearing which was denied by the Magistrate Judge.  On November 14, 2011, Defendant Campbell appeared before the Magistrate Judge for his arraignment and refused to speak on his own behalf.  As a result, the Magistrate Judge entered a plea of not guilty.  In his motion Defendant contends solely that he "is unambiguously asserting his right to rescind the not guilty plea offer given by the Court on or about November 14, 2011."  (Doc. 37.)  Subsequent to the Magistrate Judge's Order denying his motion, Defendant filed a *Pro Se* Affidavit stating that "I have vacated the not guilty plea offered by the Court on November 14, 2011 immediately, and hereby assert my right to answer to the charges." (Doc. 46.)  Defendant Campbell asserts that the grounds for his action are that (1) his appearance before the Court on November 14, 2011, was involuntary; (2) he "stood mute when the plea was offered to prevent from speaking falsely;" and (3) "the plea offer was accepted under duress" and was without his knowledge and consent.  (*Id.*)  Defendant Campbell also reiterates his objection to the sufficiency of the allegations in the Indictment to state an offense.  (*Id.*)

Pursuant to Federal Rule of Criminal Procedure 11(a)(1) "a defendant may plead not guilty, guilty, or (with the court's consent) nolo contendere." Rule 11(a)(4) further provides that "[i]f a defendant refuses to enter a plea . . . the court must enter a plea of not guilty." Indeed, the Supreme Court has long held that "when any person indicted for any offense against the United States, whether capital or otherwise, upon his arraignment stands mute or refuses to plead o[r] answer thereto, it shall be the duty of the court to enter the plea of not guilty on his behalf in the same manner as if he had pleaded not guilty thereto." *Johnson v. United States*, 225 U.S. 405, 411 (1912). Consequently, there is no requirement that a plea of not guilty be voluntary. *C.f.,* Fed. R. Crim. P. 11(b)(2) ("Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).") Defendant Campbell has suffered no prejudice as a result of the Court's entry of a not guilty plea on his behalf. *See* 18 U.S.C. § 3161(c)(1) (providing defendant with right to speedy trial upon entry of not guilty plea).

Moreover, contrary to his assertion in the motion, Defendant Campbell has no absolute right to withdraw his plea. *See, e.g., United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996) (holding that although criminal procedure rule authorizing withdrawal of guilty plea prior to sentencing upon showing of "any fair and just reason" should be construed and applied liberally, criminal defendant enjoys no absolute right to withdraw guilty plea). Based on his

statement in the April 30, 2012, Affidavit that "I assert my right to answer the charges," it does not appear to be Defendant Campbell's intention to change his plea to guilty. Accordingly, the Court finds that Defendant Campbell's assertion that he has *sua sponte* vacated the not guilty plea is meritless. The Court will conduct an inquiry into Defendant Campbell's intentions expressed in his April 30, 2012, Affidavit prior to the trial in this matter at a hearing to be held on Monday, July 2, 2012, at 2:30 PM in Courtroom 2308.

### D. Defendant's Objection to the Magistrate Judge's Order Certifying the Case as Ready for Trial

In his May 4, 2012, Objections to the Magistrate Judge's R&R, Defendant Campbell objects to the case being certified ready for trial because he "does not understand the charges" and asserts that the "Courts failure to personally explain charges to defendant and ensure that defendant understood those charges invalidate plea [sic]." (Doc. 47 (*citing United States v. Ruiz-del Valle*, 8 F. 3d 98 (1st Cir. 1993) and Federal Rule of Criminal Procedure 11)). The First Circuit's decision in *Ruiz-del Valle* is not applicable here where a not guilty plea was entered by the Court on behalf of Defendant. Defendant Campbell confuses the requirements relating to the entry of a guilty plea. *See McCarthy v. United States*, 394 U.S. 459, 467 (1969) ("The Court must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' Requiring this examination of the relation between the law and the acts

the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'"). Here, as a result of the Court having entered a plea of not guilty on his behalf, Defendant Campbell has not admitted to any conduct constituting a federal offense or otherwise acknowledged that he is in violation of any laws. Moreover, by certifying this case as ready for trial, the Magistrate Judge has complied with the requirement that Defendant be afforded the right to a speedy trial pursuant to 18 U.S.C. § 3161. Accordingly, the Defendant's objection to the portion of the Magistrate Judge's Order certifying the case ready for trial is **OVERRULED**.

Defendant's assertion that he does not understand the charges made against him, however, does call into doubt the Court's prior findings that Defendant is competent to stand trial and to represent himself in this matter. Pursuant to a Court ordered psychiatric evaluation, it was reported to the Court that Defendant Campbell is able to understand the nature and consequences of the proceedings against him. The test for determining a defendant's competency to stand trial is "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal marks omitted). "Whether the defendant is competent is an ongoing inquiry; the

defendant must be competent at all stages of trial." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam). Despite previously maintaining his mental competency and ability to represent himself on these charges at trial, Defendant now claims that he does not have a sufficient understanding of the proceedings against him. Therefore, the Court finds that it will be necessary to determine whether Defendant is in fact aware of the charges against him and the possible consequences of those charges prior to the trial in this matter. The Court will conduct a hearing on these issues on Monday, July 2, 2012, at 2:30 PM in Courtroom 2308.

### E.    Defendant's *Pro Se* Motion for Default Judgment [Doc. 52]

After the Magistrate Judge issued his Report and Recommendation, Defendant Campbell filed a motion for default judgment against the Government as to his motions to dismiss. Defendant Campbell asserts that "a default has been entered against the opposing party for failure to oppose [Doc. 34, 36] Motions to Dismiss" and that the Government "acquiesced to the merits of said motions by show [sic] of non-opposition." (Doc. 52.) The Federal Rules of Criminal Procedure do not provide for defaults or default judgments. *See Sparrow v. United States*, 174 F.R.D. 491 (D. Utah 1997). Consequently, contrary to Defendant's assertion, no such default has been entered against the Government in this case. Moreover, Defendant's motion ignores the Magistrate Judge's March 5, 2012, Order providing that the Government was not required to respond to Defendant Campbell's *pro se* motions to dismiss [Docs. 34 & 36].

(Doc. 40.) Accordingly, Defendant's motion for default judgment [Doc. 52] is **DENIED**.

## IV. CONCLUSION

As set forth in Sections III(C) and III(D) above, the Court will conduct a hearing on Monday, July 2, 2012, at 2:30 PM in Courtroom 2308 to address the following issues: (1) whether Defendant seeks to change his plea; and (2) whether Defendant adequately understands the charges made against him such that he is competent to stand trial and represent himself.

The jury trial in this matter is set for Monday, August 20, 2012, at 1:30 PM in Courtroom 2308.[6] The pretrial conference is set for Friday, August 10, 2012, at 2:30 PM in Courtroom 2308. By 5:00 PM on Wednesday, July 11, 2012, the parties are to file the following:

Motions in limine

Voir dire questions

The Government must submit a brief statement of facts the parties can rely on for voir dire; the Defendant may submit such statements if he chooses. By 5:00 PM on Monday, July 30, 2012, the parties are to file any objections to those items listed above.

---

[6] Defendant's *Pro Se* Motion for Fair Hearing [Doc. 53] is therefore **DENIED AS MOOT**. Defendant will be afforded a fair trial in accordance with the Federal Rules of Criminal Procedure which provide for the "just determination" and "fair administration" of "every criminal proceeding." *See* Fed. R. Crim. P. 2.

**IT IS SO ORDERED** this 22nd day of June, 2012.


_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**